**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-4988**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

BRIAN O'KEITH BROWN, a/k/a Bo,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:07-cr-00030-NCT)

───────────────

Submitted:  February 20, 2008        Decided:  March 7, 2008

───────────────

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Sandra Jane
Hairston, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian O'Keith Brown pled guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(I) (2000). He was sentenced to 170 months on the § 841(a) conviction and a mandatory consecutive term of 60 months on the § 924(c) conviction. Brown's sole argument on appeal, an objection he preserved below, is that the district court erred in failing to consider the disparate treatment of cocaine base and powder cocaine under the U.S. Sentencing Guidelines in fashioning a sentence under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). On January 22, 2008, the parties filed in this court a "Joint Motion For Remand to District Court for Re-Sentencing."

After Brown's brief was filed, the Supreme Court decided in Kimbrough v. United States, 128 S. Ct. 558 (2007), that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." 128 S. Ct. at 575. Kimbrough thus abrogated this court's decision in United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio cannot be the basis of a variance), vacated, 128 S. Ct. 853 (2008). Because this case is before us on direct appeal, Kimbrough applies. See Griffith v. Kentucky, 479 U.S. 314,

328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

A sentence is reviewed for reasonableness, applying an abuse of discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 597-98 (2007). This court has held that a sentence within a correctly calculated advisory guideline range is presumptively reasonable. <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). However, in deciding not to depart or vary below the guideline range in this case, the district court did not have the benefit of the Supreme Court's recent decision in <u>Kimbrough</u>.

Accordingly, we vacate Brown's sentence and grant the joint motion to remand for resentencing to give the district court an opportunity to reconsider the sentence in light of <u>Kimbrough</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>